IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON D. McGEE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 22-79 |
| ) | |
| KILOLO KIJAKAZI, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 22nd day of March, 2023, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it

would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred in formulating his residual functional capacity ("RFC") by failing to include all of the limitations included in the opinion of consultative examiner Kathleen Ledermann, Psy.D. The Court disagrees and finds that substantial evidence supports the ALJ's finding that Plaintiff is not disabled.

Plaintiff asserts that although the ALJ found Dr. Ledermann's May 3, 2021 opinion (R. 513-532) to be "unqualifiedly persuasive," she failed to incorporate into the RFC all of the limitations to which Dr. Ledermann opined, specifically that Plaintiff was limited to reading at a third-grade level, based on test results from the Wide Range Achievement Test, and that he had significant limitations in visual based tasks. (Doc. No. 12). Plaintiff acknowledges that the ALJ did find that he was limited to reading at a fourth-grade level and performing tasks with a reasoning level of 1, but contends that these restrictions did not reflect Dr. Ledermann's more restrictive findings. He argues that remand is required so that the RFC can be reformulated and the vocational expert ("VE") can be questioned as to whether Plaintiff can still perform the jobs of material handler, box bender, and mold filler in consideration of the new RFC.

The Court first notes that the ALJ did not find Dr. Ledermann's opinion to be "unqualifiedly persuasive," but rather "generally persuasive." (R. 21). Regardless, "no rule or regulation compels an ALJ to incorporate into an RFC every finding made by a medical source simply because the ALJ gives the source's opinion as a whole 'significant' weight.'" *Wilkinson v. Comm'r of Soc. Sec.*, 558 Fed. Appx. 254, 256 (3d Cir. 2014) (citations omitted). *See also Bruce v. Kijakazi*, No. 3:20-CV-229, 2022 WL 973280, at *4 (W.D. Pa. Mar. 31, 2022) ("[S]imply finding an opinion persuasive does not mean that the ALJ must accept the persuasive medical opinion wholesale."). To the extent that the consultative examination report can be read to contain an opinion that Plaintiff was necessarily limited to work requiring a third-grade, rather than a fourth-grade, level of reading, Dr. Ledermann's report is not the only source of information on the subject. As the ALJ notes, a prior consultative examiner had stated that Plaintiff could read at a fourth- or fifth-grade level. (R. 17, 307). In an initial diagnostic evaluation with Alexandre Geronian, M.D., on December 3, 2019, Plaintiff denied even having cognitive deficits. (R. 464). The record, therefore, contained evidence beyond Dr. Ledermann's findings as to Plaintiff's cognitive deficits, including his ability to read. Indeed, the state reviewing agents found Plaintiff's mental impairments to be non-severe. (R. 86, 99). A finding that Dr. Ledermann's opinion was generally persuasive did not require the ALJ to weigh only one piece of the relevant evidence. The Court further notes that Dr. Ledermann did not opine as to any specific additional restrictions to account for Plaintiff's significant limitations in visual based tasks, nor does Plaintiff suggest what additional restrictions should have been included in the RFC to account for this limitation.

It is important to remember that "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). *See also* 20 C.F.R. §§

416.920b(c)(3)(vi), 416.946(c); SSR 96-5p, 1996 WL 374183 (S.S.A.) (July 2, 1996). "Surveying the medical evidence to craft an RFC is part of an ALJ's duties." *Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir. 2006). Here, the ALJ appropriately relied on more than the consultative examiner's opinion in crafting the RFC. If supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. *See Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705). "The presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009). The record in this case contains substantial evidence to support the ALJ's determination of Plaintiff's RFC.

Regardless, as the Commissioner points out, even if the ALJ technically erred in failing to incorporate all of Dr. Ledermann's opined limitations into the RFC, or alternatively to provide further discussion as to why she declined to do so, the error would be harmless and thus would not require remand. "An error is 'harmless' when, despite the technical correctness of an appellant's legal contention, there is also 'no set of facts' upon which the appellant could recover." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). *See also Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005) (holding that remand is not necessary where the error would not affect the outcome of the case). Again, Dr. Ledermann did not opine to any specific additional restrictions to account for Plaintiff's significant limitations in visual based tasks, nor does Plaintiff suggest what these additional restrictions might be. Further, although Plaintiff asserts that neither the parties nor the Court knows whether the distinction between reading at a third- or fourth-grade level is relevant (and hence the need for remand), the Dictionary of Occupational Titles ("DOT"), fortunately does shed light on the issue.

"The DOT is a vocational dictionary that lists and defines all jobs available in the national economy and specifies what qualifications are needed to perform each job." *McHerrin v. Astrue*, Civ. No. 09-2035, 2010 WL 3516433, at *3 (E.D. Pa. Aug. 31, 2010) (citing SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000)). Among other qualifications, jobs in the DOT are assigned a General Educational Development ("GED") level, which includes a reasoning, mathematical, and language development level. *See* DOT, App. C, § III. The GED generally "embraces those aspects of education (formal and informal) which are required of the worker for satisfactory job performance." *Id.* The three component parts of the GED – reasoning development ("RD"), mathematical development ("MD"), and language development ("LD") – are each rated on a scale from 1 to 6, with 1 representing the lowest degree of required development. The three positions which the VE testified, and the ALJ found, Plaintiff could perform – material handler, box bender, and mold filler – have an LD level of 1. *See* DOT §§ 727.687-030, 641.687-010, and 556.687-030. This LD level is significant in this case.

The Components of the Definition Trailer contained in Appendix C of the DOT provides that an LD level of 1 includes the ability to "[r]ecognize meaning of 2,500 (two- or three-syllable) words, [r]ead at [the] rate of 95-120 words per minute, and [c]ompare similarities and differences between words and between series of numbers; [p]rint simple sentences containing

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 11) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 13) is GRANTED as set forth herein.

s/Alan N. Bloch<br>United States District Judge

ecf:		Counsel of record

---

subject, verb, and object, and series of numbers, names, and addresses; and [s]peak simple sentences, using normal word order, and present and past tenses." DOT, App. C, § III.  As noted, this represents the lowest level of language development for any job included in the DOT.  Courts have consistently found that reading at an LD level of 1 generally corresponds to reading at between the first- and third-grade level.  *See Rholetter v. Colvin*, 639 Fed. Appx. 935, 937-38 (4th Cir. 2016) (citing *Hernandez v. Colvin,* No. 13 CV 1955, 2014 WL 4784076, at *4 (N.D. Ill. Sept. 25, 2014)); *Bibb v. Comm'r of Soc. Sec.*, No. 19-13428, 2020 WL 8464418, at *6 (E.D. Mich. Nov. 30, 2020), *report and recommendation adopted, Bibb v. Saul*, No. 2:19-CV-13428, 2021 WL 287731 (E.D. Mich. Jan. 28, 2021); *Strong v. Comm'r of Soc. Sec.*, No. 2:12-CV-1229, 2013 WL 5671267, at *7 (W.D. Pa. Oct. 16, 2013).  Hence, even if a limitation to a third-grade reading level is more appropriate in this case, Plaintiff could still perform all of the relevant occupations according to the DOT.

The Court emphasizes that "[n]o principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Hayes v. Berryhill*, No. 3:17-CV-00648, 2018 WL 3596858, at *7 (M.D. Pa. June 20, 2018), *report and recommendation adopted*, No. 3:17-CV-648, 2018 WL 3584698 (M.D. Pa. July 26, 2018) (citations omitted).  A VE must consider and must explain any inconsistency between his or her own testimony and the DOT.  Therefore, the fact that the DOT would permit Plaintiff to perform the positions of material handler, box bender, and mold filler even if limited to reading at a third-grade level convinces the Court that even had there been error here (and again, there was not), remand would not be warranted.

Accordingly, the Court finds that the ALJ applied the proper legal standards and that substantial evidence supports his findings.  The Court will therefore affirm.